UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:11-cr-15-WTL-KPF-2 |
| ) | |
| SIYAD AWALE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ENTRY ON MOTION TO REVOKE DETENTION ORDER**

Before the Court is the Defendant's Motion to Revoke Detention (Docket No. 102). This motion is fully briefed, and the Court, being duly advised, now **DENIES** the motion for the reasons set forth below.

**I.  LEGAL STANDARD**

18 U.S.C. § 3145(b) provides for district court review of a magistrate judge's release or detention order. Section 3145(b) states:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

Pursuant to § 3145(b), the district court must conduct a *de novo* review and need not defer to the magistrate's findings. The Court's review of the magistrate judge's decision may be by either reviewing the transcript or by holding a new hearing. *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991). In this case, the Court shall exercise its discretion and shall conduct its *de novo* review without hearing additional argument.

**II.  BACKGROUND**

On February 15, 2011, the Defendant, Siyad Awale, was charged by grand jury indictment with conspiracy to possess with intent to distribute cathinone,[1] a Schedule I Narcotic Controlled Substance, in violation Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846.  Awale was arrested and appeared before a Magistrate Judge on February 18, 2011.  The Government moved to detain Awale under 18 U.S.C. §§ 3142(e), 3142(f)(1)(c), and 3142(f)(2)(A), submitting that he was charged with an offense where a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act and that, if released, there was a serious risk that he would flee.

A detention hearing was held before a Magistrate Judge on February 24, 2011.[2]  At the hearing, the Magistrate Judge noted that the grand jury indictment triggered the rebuttable presumptions that Awale posed a serious risk of flight and a danger to the community. *See* 18 U.S.C. § 3142(e).  Awale, who appeared with counsel, tendered two exhibits regarding his status on mandatory immigration parole and reporting.  He also proffered evidence regarding the factors set forth in 18 U.S.C. § 3142(g).  Ultimately, the Magistrate Judge concluded that Awale failed to rebut the presumption that he is a serious risk of flight, and similarly found that Awale failed to rebut the presumption that he is a danger to the community and any other person.  Thus, Awale was ordered detained pending trial.  A formal order was issued on March 8, 2011 (Docket No. 100).  Awale moved for reconsideration of the detention order on March 11, 2011 (Docket No. 102).  The Government responded on March 22, 2011 (Docket No. 115).  Having received

---

[1] Cathinone is colloquially referred to as "khat."

[2] A Somali interpreter was present in the courtroom that day and provided simultaneous interpretation for the Defendant.

and reviewed the record, including the audio recording of the detention hearing, this Court is now ready to rule on the Defendant's motion.

### III.  DISCUSSION

The charges against Awale typically carry a maximum penalty of twenty years' imprisonment, a $1 million fine, and not less than three years to life on supervised release.  *See* 21 U.S.C. § 841(b)(1)(C).  However, because Awale has a previous felony drug conviction, the statutory penalty increases to a maximum of thirty years' imprisonment, a $2 million fine, and not less than six years to life on supervised release.  Accordingly, there is a rebuttable presumption in favor of detention in this case.  *See* 18 U.S.C. § 3142(e)(3)(A).  Awale may rebut the presumption by producing contrary evidence showing that there are conditions of release that would reasonably assure that he will not engage in dangerous criminal activity or threaten the safety of the community pending trial.  This is the issue currently before the Court.  The Court's inquiry in this case is guided by the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether at the time of the instant offense the defendant was subject to court supervision; and (4) the nature and seriousness of the danger to any person in the community.  *See* 18 U.S.C. § 3142(g).

    **A.**    **Nature and circumstances of the offense charged.**

Awale is charged in this case with conspiracy to possess with intent to distribute khat.

3

He argues that a drug case involving khat "is unlike almost any other drug case" because "the danger to the community posed by distribution of khat . . . is far less than the danger posed by the average controlled substance." Docket No. 103 at 2-3. In support of this argument, Awale claims that khat "is considered to be 1/100th as dangerous and serious as marijuana." *Id*. at 3. In other words, according to Awale, "the charges in this case are relatively minor." *Id*.

Awale's argument largely ignores the potentially dangerous effects of khat, which include: (1) heart disease; (2) hypertension; (3) cancer of the mouth; (4) gastric disorders; (5) hallucination; and (6) violent outbursts. Moreover, Awale downplays the extent of the conspiracy. Given the protracted nature of this criminal enterprise, as well as the dangers associated with khat, the Court concludes that this first factor weighs in favor of detention.

**B.     Weight of the evidence against Awale.**

At this point, the evidence against Awale is substantial and unrebutted. Awale and his co-defendants have all been indicted by the grand jury. Accordingly, this factor also weighs in favor of detention.

**C.     The history and characteristics of the Defendant.**

Section 3142(g)(3) instructs the Court to consider Awale's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether he was subject to any other criminal justice supervision at the time of the charged offense. Also relevant to this factor is "[t]he political instablity, lack of any functioning government, and raging violence in [Awale's home country of] Somalia." Docket No. 103 at 4.

Awale was born in Somalia and is a Somalian citizen. Awale illegally entered the United States in 1996. In 1997, he was ordered removed from the United States. That order has been deferred and Awale is currently on reporting status with U.S. Immigration and Customs Enforcement.[3] Awale does not own any property in either this district or in the country. He is employed at a coffee shop in Columbus, Ohio; however, the indictment alleges that Awale engaged in khat-trafficking out of this space. Awale was convicted of felony drug trafficking involving khat in 2002. He has family members in Sweden and Australia. He also has associates in the Netherlands, the United Kingdom, and Somalia. Awale emphasizes that he has relatives in this country as well and he claims that any number of them "would be willing to co-sign personal recognizance bonds and stand as surety for [him]." Docket No. 103 at 5. While this may very well be true, the Court concludes that Awale's previous drug conviction, his lack of property in both this district and this country, and his foreign ties all support detention in this case.

### D.  Nature and seriousness of the danger to any person in the community and risk of flight.

The Government argues that "Awale's recent and prior conviction for drug-trafficking activity alone is clear and convincing evidence that he is a danger to the Indianapolis and more insular Somalian Indianapolis community." Docket No. 115 at 18. The Government notes that despite Awale's contentions otherwise, khat is a serious drug associated with heart disease, hypertension, insomnia, cancer, and other adverse effects. Moreover, Awale is facing serious penalties in this case. Although he allegedly has close family ties in the United States, he

---

[3] This deferral is apparently based on the unstable conditions in Somalia.

downplays the ease with which he traveled from Somalia and illegally entered the United States.

Awale claims that "the perceived range of potential penalties upon conviction present[s] absolutely no incentive to flee justice." Docket No. 103 at 3. However, given that he faces a maximum penalty of thirty years' imprisonment, a $2 million fine, and not less than six years to life on supervised release, the Court finds this argument less than convincing. Moreover, although Awale correctly notes that there are "conditions or a combination of conditions" including "home confinement, electronic monitoring, intermittent confinement, [or] residence at a community confinement center" that should "allay any concerns over danger to the community or risk of flight," *id*. at 5-6, the Court concludes that Awale's lack of ties to the district and the country, his prior drug-trafficking activities, and his ties to individuals in Europe and Africa, indicate that detention is appropriate. Accordingly, because the Government has shown by a preponderance of the evidence that Awale poses a serious risk of flight, and because it has also shown by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, detention is appropriate in this case.

## CONCLUSION

For the foregoing reasons Defendant's Motion to Revoke Detention (Docket No. 102) is **DENIED**.

SO ORDERED:  03/30/2011

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Esperanza R. Alonzo
erabritton@hotmail.com

William H. Dazey Jr.
Indiana Federal Community Defenders
bill.dazey@fd.org

William E. Marsh
Indiana Federal Community Defenders
bill.marsh@fd.org

Matthias David Onderak
United States Attorney's Office - EV
Matthias.Onderak@usdoj.gov

Cynthia J. Ridgeway
United States Attorney's Office
cynthia.ridgeway@usdoj.gov

U.S. Marshals Service

U.S. Probation Office